IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 05-cr-40056-001-JPG |
| DANNY S. GARNER, | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

THIS MATTER is before the Court on defendant Danny S. Garner's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 38). The Court also considers Garner's supplement to his motion (Doc. 42). The Court appointed counsel for Garner but allowed counsel to withdraw because Garner seeks more of a reduction that counsel believed was available. The government has not responded to the motion.

Garner pled guilty to three counts of distributing crack cocaine. At sentencing, the Court determined that Garner's total offense level was 29 and that his criminal history category was IV. His offense level was calculated using a base offense level of 32 under U.S.S.G. § 2D1.1 and a 3-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Accordingly, Garner's sentencing guideline range was 121 to 151 months in prison. The Court sentenced Garner to 121 months in prison. Garner now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.

994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S. Ct. 1924 (2009).

**I.     Lowered Guideline Range**

Garner satisfies the first criterion because he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The amendments reduced Garner's base offense level from 32 to 30. His total offense level then fell from 29 to 27, yielding a lower sentencing range of 100 to 125 months.

## II. Consistency with Policy Statements

Garner also satisfies the second criterion because allowing a reduction is consistent with the applicable policy statements. The Sentencing Commission's policy statement governing sentence reductions following guideline amendments is contained in U.S.S.G. § 1B1.10. That section provides that the guideline range reduction contained in Amendments 706 and 711 may be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2) to reduce previously imposed sentences with certain limitations. U.S.S.G. § 1B1.10(a)(1) & (c). Thus, the Court now has discretion under 18 U.S.C. § 3582(c)(2) to reduce the sentences of some defendants sentenced for offenses involving crack cocaine. No part of U.S.S.G. § 1B1.10 is inconsistent with granting Garner a sentence reduction.

Although a reduction in Garner's sentence is consistent with the applicable policy statements, the magnitude of reduction he requests is not. He asks the Court to reduce his sentence below the new guideline range of 100 to 125 months by removing the "prior conviction enhancement," considering the factors in 18 U.S.C. § 3553(a) and using its discretion to award him the statutory mandatory minimum sentence of 60 months. *See* 21 U.S.C. § 841(b)(1)(B). The Court is not permitted to do what Garner asks. To do so would be inconsistent with U.S.S.G. § 1B1.10(b)(2)(A), which provides that "the Court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" unless the Court's original sentence was below the guideline range as determined at the time of sentencing. *See United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir.) (holding courts do not have authority to grant § 3582(c)(2) sentence reductions below the amended guideline range), *cert. denied*, 129 S. Ct. 2826 (2009). Garner's original sentence was not below

3

the guideline range as determined at the time of sentencing, so the Court cannot reduce his sentence now to less than 100 months. Nonetheless, the Court finds that a reduction to 100 months is appropriate in light of the § 3553(a) factors, *see* 18 U.S.C. § 3582(c)(2), public safety considerations and Garner's post-sentencing conduct. *See* U.S.S.G. § 1B1.10, note 1(B).

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Garner's motion (Doc. 38) and will enter an order in the standard format used by the Court reducing Garner's sentence to 100 months.

**IT IS SO ORDERED.**
**DATED: September 9, 2009.**

                                     s/ J. Phil Gilbert
                                     **J. PHIL GILBERT**
                                     **U.S. DISTRICT JUDGE**